# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA<br><br>                    Plaintiff(s),<br><br>                    v.<br><br>DAVID JOSE HUERTA<br><br>                    Defendant(s). | Case No. 2:25–cr–00841–SB<br><br>**CRIMINAL STANDING ORDER**<br><br>[updated 3/1/24]<br><br><u>Indictment</u>:<br><br><u>Pretrial Conference</u>:  January 6, 2026 at 8:00 a.m.<br><br><u>Trial</u>:  1/20/2026 at 8:00 a.m.<br><br><u>Last Day</u>: |

This case has been assigned to the calendar of Judge Stanley Blumenfeld, Jr. The Court periodically amends its Criminal Standing Order (CSO). Counsel should obtain the latest version of the CSO under Orders at the bottom of Judge Blumenfeld's <u>webpage</u>.

## TABLE OF CONTENTS

1.   **BAIL REVIEW**

2.   **DISCOVERY**

3.   **FILING REQUIREMENTS**

4.   **EX PARTE APPLICATIONS**

5.   **MOTIONS**

6.   **PLEA AGREEMENTS**

7.   **PRETRIAL CONFERENCE**

8.   **TRIAL**

9.   **SENTENCING**

10.   **SUPERVISED RELEASE VIOLATIONS**

11.   **CONTINUANCES**

**1.  <u>BAIL REVIEW</u>**

Any bail-review request based on changed circumstances or information not previously presented to the magistrate judge shall first be addressed to the magistrate judge and shall be served on opposing counsel and the U.S. Probation and Pretrial Services Office.

**2.  <u>DISCOVERY</u>**

**a.    Obligations**.  Under federal law, including Fed. R. Crim. P. 5(f), *Brady v. Maryland*, 373 U.S. 83 (1963), the government has a continuing obligation to produce all information or evidence known to the government that is relevant to the guilt or punishment, including exculpatory evidence. The Court hereby orders the government to timely produce to each defendant all information or evidence known to the government that is either: (1) relevant to the defendant's guilt or punishment; or (2) favorable to the defendant on the issue of guilt or punishment. This Order is entered under Rule 5(f) and does not relieve any party of any other discovery obligation. The consequences for violating either this Order or the government's obligations under *Brady* include: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges.

**b.    Rule 16 Expert Disclosures**.  Upon request, the government must disclose to the defendant all information required under Rule 16(a)(1)(G) by no later than 45 days prior to trial, and defendant must disclose all information required under Rule 16(b)(1)(C) by no later than 30 days prior to trial, unless the parties stipulate in writing to a different time for disclosure.

**c.    Protective Orders**.  The parties shall meet in person or by videoconference–and shall certify compliance with this requirement–before submitting any dispute over the terms of a protective order. Any disputed application for a protective order must contain a joint memorandum that separately sets forth for each disputed term: (1) the disputed term (reproduced in full); (2) the

party objecting (identified in bold), followed by an argument in support of the objection; and (3) the responding party (identified in bold), followed by an argument in support of the disputed term. The Court generally will not rule on hypothetical disputes about the potential impact of a term in a standard protective order and expects the parties to reasonably resolve legitimate concerns that have been raised.

**d.    Disputes**.  Counsel shall meet with opposing counsel to resolve discovery disputes before filing a motion for discovery. All discovery motions shall state with particularity what is requested, the basis for the request, and opposing counsel's response to such request. Motions made without prior consultation with opposing counsel may not be heard.

**3.    FILING REQUIREMENTS**

Counsel must follow the Central District's Local Rules and General Orders for electronic filing, unless superseded by this Order.

**a.    Caption of Filings**.  The caption of every filing shall contain: (1) the name of the first-listed defendant and the name and number of the defendant(s) to whom the pleading applies (in indictment order); (2) the defendant's registration number when applicable to the relief requested (e.g., medical or transfer request); and (3) the milestone dates (see caption above): Indictment, Pretrial Conference, Trial, and Last Day (of the speedy trial period).

**b.    Docketing**.  Docket an item only as to the applicable defendant(s), using a clear entry so specifying.

**c.    Format of Filings**.  Typeface and spacing shall comply with Local Rule 11-3.1.1, except the parties must use only 14-point Times New Roman font (for text and footnotes).

**d.    Attachments**.  Each declaration, exhibit, or other attachment accompany a document must be filed as a separately docketed attachment to the main docket entry with a clear description (e.g., Dkt. 29-1, Smith Decl.; Dkt. 29-2,

Ex. 1: License Agreement). Attachments containing video or audio content should be submitted on a flash drive and not on a DVD.

    **e.**    **Proposed Orders**.  Proposed orders shall state the relief sought, the defendant(s) affected, and, when relevant, the supporting rationale and authority– and must be submitted in a form that would originate from the Court. Do *not* include: (1) any attorney information on the caption page; (2) any information in the footer (except pagination); or (3) any watermark or firm designation anywhere.

    **f.**    **Chambers Copies**.  Provide electronic copies in Word format sent to Chambers email address (SB_Chambers@cacd.uscourts.gov) of all pretrial confernece and trial documents (as stated below).

**4.**    **EX PARTE APPLICATIONS**

    **a.**    **Declaration**.  Ex parte applications should be filed only when necessary, after the parties have met and conferred, and shall include a declaration specifying the results of the meeting and opposing counsel's position.

    **b.**    **Supervision-Related Relief**.  Whenever requesting supervision-related relief (e.g., a travel or transfer request), the applicant must obtain and submit a separate writing from U.S. Probation and Pretrial Services stating its position and any proposed conditions. A travel application for a defendant who has been appointed counsel must also state the source of payment for all travel expenses.

    **c.**    **Sealing Orders**.  A party seeking to submit information under seal must comply with the pilot program procedures found on Judge Blumenfeld's webpage (scroll to Orders & Additional Documents at the bottom of the page).

**5.**    **MOTIONS**

    **a.**    **Hearings**.  Hearings on criminal motions are on Tuesdays at 8:00 a.m. Include a time estimate below the hearing date on the face page of the motion for any hearing expected to last more than 30 minutes. Meet and confer before filing a motion and describe the resolution efforts in the notice of motion. Notify the Court immediately of any resolution occurring after a motion is filed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**b.    Memorandum Length**.  Unless stated otherwise, no supporting or opposing memorandum shall exceed 7,000 words (or 25 pages, double spaced, if handwritten), and no reply memorandum shall exceed 4,000 words (or 15 pages, doubled spaced, if handwritten)–excluding only indices and exhibits. Counsel shall certify compliance with the word count pursuant to Local Rule 11-6.2 (Civil).

**c.    Pretrial Motions**.  For all pretrial motions, file: (1) the motion *four weeks* before the hearing; (2) the opposition/non-opposition *three weeks* before the hearing; and (3) the reply *two weeks* before the hearing.

**d.    Motions in Limine (MILs)**.  MILs are heard at the pretrial conference (PTC) and require the filing of a Joint MIL (JMIL) and declaration of the meet and confer. Failure to cooperate and comply with the procedures below may result in sanctions.

(1)    <u>Meet and Confer</u>.  Before filing a MIL, the moving party shall send an email identifying the evidence to be excluded or admitted, the specific terms of the order sought, and the rationale and supporting authority. Counsel shall meet within 5 calendar days of the email. If unable to resolve the issue(s), counsel shall file a JMIL consisting of: (a) the moving party's one-sentence statement in bold of the relief sough (i.e., the evidence to be excluded or admitted); and (b) each party's contentions set forth below a separate underlined heading for each (identifying the moving party, the opposing party, and the moving party in reply).

(2)    <u>Briefing Schedule</u>.  (a) The moving party's portion of the JMIL must be provided to the opposing party 28 days the PTC; (b) the opposing must provide its portion of the JMIL 21 days before the PTC; and (c) the moving party must reply and file and serves the JMIL at least 14 days before the PTC.

(3)    <u>Page Limits</u>.  For the moving and opposition portions–5 pages each; and for the reply portion–3 pages (for a maximum total of 13 pages).

6. **PLEA AGREEMENTS**

a. **Digital Courtesy Copy**.  The government should send a text-searchable digital copy of the plea agreement to Chambers email address (SB_Chambers@cacd.uscourts.gov).

b. **Rule 11 Hearing**.

(1) <u>Fully Signed Agreement</u>.  *Defense counsel shall bring a hard copy of the fully signed plea agreement to the hearing* (because the Court will refer the defendant to specific portions of the agreement). Government counsel is also required to bring a hard copy of the fully signed agreement to the hearing.

(2) <u>Open Court</u>.  The Rule 11 hearing will be conducted in open court. Any request to close the courtroom or seal the record (in whole or in part) must be made by the requesting party when checking in on the day of the hearing.

(3) <u>Detention Request</u>.  If the government intends to request detention of a defendant who is out on bond, it should file a request, stating and applying the applicable standard, at least two days before the hearing.

(4) <u>Sentencing Date</u>.  Counsel for both parties shall confer and provide a proposed sentencing date to the courtroom deputy (CRD) upon checking in. Absent good cause, the sentencing date shall be approximately 14 weeks after the defendant's conviction. The parties should not assume that the sentencing date, once set, will be continued at their request.

7. **PRETRIAL CONFERENCE (PTC)**

The Court will schedule a PTC two weeks before the trial date.

a. **PTC Filings**.  At least *14 days* before the PTC, the parties must submit the documents described below in (1) electronically in Word format sent to <u>Chambers email</u> and (2) in a joint binder. In addition, the government shall provide a flash drive containing a digital copy of all trial exhibits and place it in the binder pocket.

**b.    Joint Binders**.  The binders must have a cover sheet and spine label with the case name, party, and volume number (if relevant); a table of contents; and tab dividers on the right separating the contents. A binder with more than 200 pages must be placed in a slant D-ring binder. The joint binder shall include:

(1)    Indictment/Information.  The government shall provide a copy of the operative charging document.

(2)    Trial Memo.  The government shall provide: (a) a fact summary; (b) a statement of the elements of each charge and enhancement; (c) a time estimate of the government's case; and (d) the applicable legal and evidentiary issues. The government shall specify, after a meet and confer, whether the parties agree or disagree on matters (a)-(d).

(3)    Joint Case Statement.  The parties shall file a short joint statement of the case that will be read to the jury panel.

(4)    Witness List.  The government shall identify all potential witnesses, using full names–including middle names and dates of birth for common names–listed in alphabetical order by surname. The list should include a brief one-to-two sentence description of the testimony the witness will offer. Use bold font to identify the witnesses the government likely will call. The witness list should include all potential witnesses, as the names of witnesses will be read to the jury panel. If the defense objects to identifying a potential witness (not already on the government's list), the objection must be raised at the PTC.

(5)    Exhibit List.  The government shall provide a copy of the exhibit list (numbered "1, 2, 3"). The list should contain every exhibits the government anticipates using at trial. The number of any exhibit identified at the PTC shall be the number used at trial–and shall not be changed absent leave of court. The list should include defense exhibits to the extent the defense does not object to disclosure. Every exhibit should be numbered separately

without subparts. Each exhibit must be presented in a form that will allow it to be admitted in its entirety. A party generally may not move for the admission of a part or subset of an exhibit (e.g., "pages one through four" of a ten-page exhibit).

(6)    <u>Jury Instructions</u>.  Please comply with the rules below and be prepared to address instructions at the pretrial conference and at any point during trial.

(a)    *Ninth Circuit Instructions*.  Use the current edition of the Ninth Circuit's Manual of Model Criminal Jury Instructions for all available instructions and otherwise the current edition of O'Malley, Grenig & Lee, Federal Jury Practice and Instructions. Submit alternatives to instructions in these two sets *only if* counsel has a reasoned argument that those instructions are incomplete or inaccurate. Each requested instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

(b)    *Joint Instructions*.  Meet and confer to provide joint instructions. For any disputed instruction, the opponent shall state on a separate page following the disputed instruction: (i) the basis for the objection; (ii) authority supporting the objection; and (iii) an alternative instruction (if applicable). On the following page, the proponent shall briefly respond to the objection with supporting authority.

(c)    *No Blanks/Brackets*.  Do not leave blanks or inapplicable bracketed text in any instruction. It is counsel's duty to conform the instructions to the case (e.g., inserting names of defendant(s) or witness(es) to whom the instruction applies and selecting the appropriate bracketed text).

(d)    *Index*.  An index shall accompany the jury instructions with: (i) the number of the instruction; (ii) a brief title of the instruction; (iii) the source of the instruction; and (iv) the page number of the instruction. <u>Example</u>:

| Number | Title | Source | Page # |
|--------|-------|--------|--------|
| #1 | Conspiracy-Elements | 9th Cir. 8.5.1 | 1 |

(e)    *"Clean" Electronic Copy*.  Counsel shall submit to the Chambers email a "clean" set of all instructions in Word format that will be given to the jury, containing only the text of each instruction (without a page break between each instruction). For the clean set, counsel *must* use the template posted at the bottom of Judge Blumenfeld's webpage and follow the exact format.

(7)    Verdict Form.  Submit a joint proposed verdict form.

(8)    Voir Dire.  Submit any proposed questions for the jury panel.

(9)    Motions in Limine.  Submit any MILs (*see* Section 5(d) *supra*).

## 8.    TRIAL

**a.    Trial Schedule**.  The schedule for the first day of trial is typically 8:30 a.m. to 5:00 p.m. After the first day of trial, trial days are Monday through Friday from 8:30 a.m. to approximately 4:00 p.m. The schedule is subject to change.

**b.    Trial Documents**.  On the first day of trial, counsel shall present the CRD with the documents below.

(1)    Exhibit List.  Three copies of the government's exhibit list in the form specified in Local Rule 16-6.1 (Civil). A copy of the exhibit list with all admitted exhibits will be given to the jury during deliberations. All counsel shall review and approve the list with the CRD before it is given to the jury.

(2)    Witness List.  Three copies of the government's witness list in the form specified in Local Rule 16-5 (Civil).

(3)    Exhibits.

(a) *Government exhibits* with completed official exhibit tags (see the Central District's website at http://www.cacd.uscourts.gov/forms for official tags) bearing the same number shown on the exhibit list. An enlargement

of an existing exhibit shall use the original exhibit number followed by an "A."
Provide two sets of exhibit binders−one for the witnesses and one for the
defense−that contain all exhibits tabbed with the exhibit number.

(b)   *Defense exhibits* (unless counsel objects at the PTC)
with completed official exhibit tags, using exhibit numbers that do not duplicate
government exhibit numbers, placed in two tabbed sets of binders (one for the
witnesses and one for government counsel) if there are more than 10 exhibits.

(c) *Exhibit Numbers*. Each party shall be assigned a 100−
block of numbers, starting with the government and following with each defendant
in indictment order (e.g., Government, 100-199; Defendant 1, 200-299; Defendant
2, 300-399, etc.). If a party has more than 100 exhibits, the parties are to meet and
propose a numbering scheme, using a block system, in the PTC filings.

(d)   *Digital Exhibits*. Digital evidence must be contained on a
flash drive, unless otherwise directed by the Court. The party introducing the
evidence is responsible for ensuring that the flash drive contains only admitted
evidence. The Court will provide a sanitized laptop to allow the jury to review
admitted digital evidence during deliberations. *See United States v. Chadwell*, 798
F.3d 910, 914 (9th Cir. 2015). Any party that objects to this procedure shall
raise its objection at the pretrial conference.

(e) *Contraband, Valuable, Sensitive, and Dangerous Exhibits*
(e.g., narcotics, jewelry, pornographic materials, firearms) may not be brought into
the Court without prior permission (see Local Rule 79-4).

(4)   Defense Lists.  Defense counsel shall submit the defense
witness and exhibit lists at the start of the defense case (if not previously done) in
(a) electronic form by email of Word document(s) to the Chambers address and
(b) hard-copy form to the CRD and the court reporter.

**c.**   **Trial Procedures**.  All counsel, parties, witnesses, court staff, and
members of the public must adhere to the trial procedures described below.

(1)    <u>Food, Beverage, Cell Phones</u>.  No food or beverage other than water is permitted in the courtroom. No cell phone is permitted in the courtroom unless it is turned off; and it may be confiscated if it interrupts the proceedings.

(2)    <u>Timeliness</u>.  The parties and their counsel are ordered to be on time. The Court requires strict compliance with this order.

(3)    <u>Communication</u>.  All remarks at trial shall be addressed to the Court. Counsel shall not directly address the CRD, the court reporter, or opposing counsel without the Court's permission; and all requests to read back questions/answers or to place an exhibit before a witness shall be addressed to the Court. Counsel shall avoid having a conversation with anyone inside or outside the courtroom that may be overheard by a juror or prospective juror and shall admonish their clients and witnesses to comply with this order.

(4)    <u>Movement</u>.  Counsel shall *rise* when addressing the Court and when the jury enters or leaves the courtroom. Counsel shall *remain at the lectern* when questioning a witness or giving an opening statement or closing argument. Counsel shall not approach the witness or enter the well without the Court's permission and shall return to the lectern when the permitted purpose has been accomplished. Counsel shall *not leave counsel table* to confer with investigators, witnesses, or others while court is in session without the Court's permission.

(5)    <u>Objections</u>.  No "speaking objections" are allowed. Rise and state only the legal grounds of the objection (e.g., "Objection, hearsay"). If the Court invites either clarification of the legal grounds for objection or a response, do not abuse the invitation by providing factual argument before the jury.

(6)    <u>Sidebars</u>.  Sidebar conferences are generally not permitted at the request of counsel for evidentiary objections, especially for issues that could have been anticipated. Counsel should anticipate significant issues and schedule a hearing when the jury is not waiting–e.g., before the jurors arrive or after they leave for the day–and may submit short briefs.

(7)  <u>Exhibits</u>.  No exhibit shall be placed before a witness unless a copy has been provided to the Court and opposing counsel. Nor shall any exhibit be displayed to the jury unless previously admitted or agreed upon by all counsel. Once approved, an exhibit may be published by electronic projection, not by handing it to the jurors. Each counsel should maintain an exhibit list that notes when an exhibit has been admitted into evidence and shall return any exhibit to the CRD before leaving the courtroom at the end of the trial session.

(8)  <u>Stipulations</u>.  Counsel should not offer a stipulation without having reached agreement with opposing counsel about its precise terms and without it having been fully explained to the defendant(s). Any stipulation of fact requires the defendant's personal agreement and shall be submitted to the Court in writing for approval.

(9)  <u>Witnesses</u>.  Counsel shall also comply with the rules below.

(a)  *Available Witnesses*.  Counsel shall have witnesses available throughout the court day or risk being deemed to have rested.

(b)  *Recess*.  After a recess or adjournment, counsel shall ensure that his or her witness returns to the stand before trial resumes.

(c)  *Direction*.  Counsel should provide direction to their witnesses before they are called into the courtroom about where to walk to approach the witness stand.

(d)  *One Lawyer*.  For each witness, a party may only have one lawyer who examines, and handles objections for, the witness.

(e)  *Full Names*.  During trial, counsel shall not refer to any witness 18 years of age or older–including a client–by first name.

(f)  *Experts*.  The parties should cooperate in responding to reasonable, legitimate requests to call an expert out of sequence. Any accommodation dispute should be raised at the PTC (if possible).

(g)    *Special Needs*.  Counsel must notify the CRD in advance if a witness requires an interpreter or an accommodation under the Americans with Disabilities Act (or for any other reason).

(h)    *Professionalism*.  Counsel shall not express agreement or disagreement with witness testimony by comment, facial expression, or otherwise and shall admonish clients, family, and friends to comply with this order.

(i)    *Pleasantries*.  Counsel should avoid the exchange of pleasantries with witnesses on the stand.

(10)    Courtroom Technology.  Any party intending to use courtroom technology during trial must review the information on Courtroom Technology on the Central District's website (http://www.cacd.uscourts.gov/clerk–services/courtroom–technology) and must become familiar with all necessary equipment before trial. The Court will not delay the trial for technology issues that could have been avoided through reasonable planning; and the parties, in any event, should have a back-up plan. Any party intending to use equipment that is not regularly in the courtroom must notify the CRD at least one week before trial and obtain approval.

(11)    Court Reporting Services.  Any party requesting special court reporter services shall notify the reporter as least two weeks before the service date. Please review the Central District's website on Court Reporting Services (http://www.cacd.uscourts.gov/court–reporting–services) for relevant information. The parties shall cooperate with the court reporter in providing spellings as necessary.

## 9.    SENTENCING

The Court sets the sentencing hearing approximately 14 weeks after a defendant's conviction.

a.    **Report and Recommendation**.  Defense counsel should ensure that defendant has carefully read both the presentence report(s) and the

recommendation letter prepared by the U.S. Probation and Pretrial Services Office. At the sentencing hearing, the Court will ask the defendant whether he or she understands and accepts the conditions of supervised release (or probation) that are set forth in the recommendation letter. The defendant shall review those conditions carefully before the hearing.

      **b.**   **Sentencing Papers**.

          (1)   <u>Sentencing Memorandum</u>.  At least 14 days before the sentencing hearing, each party shall file a sentencing memorandum that does not exceed 20 pages, excluding indices and exhibits. The introduction of the memorandum shall state clearly the party's position on: (a) the appropriate term of custody (if any); (b) the appropriate length and conditions of supervised release (if any); (c) the appropriate amount of the fine (if any); (d) the appropriate amount of the special assessment(s); (e) the appropriate amount of victim restitution (if any); (f) any other proposed element of sentencing; and (g) the accuracy of the final presentence report and its calculation of the advisory sentencing guidelines.

          (2)   <u>Reply Memorandum</u>.  Any reply shall be filed at least 7 days before the sentencing hearing and shall not exceed 10 pages, excluding indices and exhibits. A reply is optional, except it is mandatory if the parties have a legal dispute over the calculation of the sentencing guidelines. An oversized brief may only be filed with leave of court.

          (3)   <u>Preliminary Forfeiture Order</u>.  If the government is seeking forfeiture, it shall file its application for a preliminary order of forfeiture at least 14 days before the sentencing hearing.

      **c.**   **Sentencing Videos**.  The Court generally does not consider sentencing videos, but if one is presented, counsel must justify its submission, limit the video to less than 10 minutes, and provide a transcript.

**d.    Open Court**.  The sentencing hearing will be conducted in open court. Any request to close the courtroom or seal the record (in whole or in part) must be made by the requesting party when checking in on the day of the hearing.

**e.    Detention Request**.  If the government intends to request detention of a defendant who is out on bond, it should include the request in its sentencing memorandum–in a section entitled, "Detention Request," placed immediately before the conclusion–stating and applying the applicable detention standard.

**10.    SUPERVISED RELEASE VIOLATIONS**

Upon being notified of an alleged violation of supervised release, counsel shall meet and confer to determine whether the parties intend to submit a joint recommendation to the Court. No later than five days before the hearing (unless otherwise ordered), the parties shall file either a joint ;recommendation or separate statements of their respective positions (if they disagree). In any submission, defense counsel shall state whether the defendant intends to admit or deny the allegation(s).

**11.    CONTINUANCES**

**a.    Trial Continuances**.  Any application for a trial continuance shall request a trial on a Monday at least 10 calendar days before the last day of the speedy trial period. The application shall identify under the caption title the current "Last Day" of that period and the new "Last Day" (if the application is granted). The proposed order shall identify under the caption title the new "Last Day."

(1)    Pending Deadlines.  Any request to continue the trial should be timely filed. The filing of a continuance request does not suspend any pending deadline, including the time to submit the pretrial conference filings.

(2)    Defense Counsel's Calendar.  If a continuance is granted based in whole or part on defense counsel's unavailability, the Court expects counsel to be available on the continued date. If another continuance is requested based in whole or part on defense counsel's unavailability, defense counsel shall

provide a declaration explaining in detail why counsel is not available, why

counsel believed he or she would be available when submitting the prior

continuance request, and what unforeseen and unavoidable events occurred

in the interim. The failure to provide this information may result in summary

denial of the request.

        (3)    <u>Hearing</u>.  The Court often orders the parties to appear to explain

any continuance request for more than 90 days and any continuance request

when an extension was previously granted.

      **b.**    **Sentencing Continuance**.  The sentencing hearing will not be

continued absent a detailed showing of good cause, including why the additional

time requested could not have been anticipated when the original date was set.

Date:  December 1, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

16