TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
NEIL P. THAKOR (Cal. Bar No. 308743)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6595/6772
    E-mail:   neil.thakor@usdoj.gov
               Barr.Benyamin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>DAVID HUERTA,<br><br>        Defendant. | No. 2:25-cr-00841-SB<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:**  1/20/26<br>**PROPOSED TRIAL DATE:**  2/16/26<br><br>**LAST STA DATE:**  2/2/26<br>**NEW LAST STA DATE:**  3/1/26 |
|---|---|

     Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Neil P. Thakor and Barr Benyamin, and defendant DAVID HUERTA ("defendant"), both individually and by and through his counsel of record, Marilyn E. Bednarski and Abbe D. Lowell, hereby stipulate as follows:

1.    The Information in this case was filed on October 17, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 9, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 2, 2026.

2.    On November 25, 2025, the Court set a trial date of January 20, 2026 and a status conference date of January 6, 2026.

3.    Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately 3 days.

4.    By this stipulation, defendant moves to continue the trial date to February 16, 2026[1], and the status conference to February 2, 2025. This is the first request for a continuance

5.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a.    Defendant is charged with a violation of 18 U.S.C. § 1501: Obstruction, Resistance, or Opposition of a Federal Officer. The government has thus far made five productions of discovery to the defense, including productions of hundreds of pages of law enforcement reports, photos and videos of incident, warrants, text messages, and documents related to defendant's criminal history.

    b.    Marilyn E. Bednarski, counsel for defendant, has the trial conflicts set forth in **Exhibit A**. In addition, Abbe D. Lowell counsel for defendant, has the trial conflicts set forth in **Exhibit**

---

[1] The parties also have no objection to this Court setting the trial to commence on Tuesday February 17, 2026 as typical in this district.

**B.** Accordingly, counsel represents that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

    c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d.   Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

    e.   The government does not object to the continuance.

    f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  6.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of January 20, 2026 to February 16, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without

3

government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: December 10, 2025          Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


         /s/
_____
NEIL P. THAKOR
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4

1  I am DAVID HUERTA's attorney. I have carefully discussed every
2  part of this stipulation and the continuance of the trial date with
3  my client. I have fully informed my client of his Speedy Trial
4  rights. To my knowledge, my client understands those rights and
5  agrees to waive them. I believe that my client's decision to give up
6  the right to be brought to trial earlier than February 16, 2026 is an
7  informed and voluntary one.

_____    12/11/25
MARILYN E. BEDNARSKI          Date
Attorney for Defendant
DAVID HUERTA

12  I have read this stipulation and have carefully discussed it
13  with my attorney. I understand my Speedy Trial rights. I voluntarily
14  agree to the continuance of the trial date, and give up my right to
15  be brought to trial earlier than February 16, 2026. I understand that
16  I will be ordered to appear in Courtroom 6c of the Federal
17  Courthouse, 350 W. 1st Street, Los Angeles, California on February
18  16, 2026 at 8:30 a.m.

_____    12-10-2025
DAVID HUERTA                  Date
Defendant

5