# Exhibit F



1250 H Street NW, Suite 250
Washington, DC 20005



**McLane, Bednarski & Litt, LLP**
975 E Green Street, Pasadena, CA 91106

**Abbe David Lowell, Esq.**
ALowellPublicOutreach@lowellandassociates.com

**Marilyn Bednarski, Esq.**
mbednarski@mbllegal.com

November 5, 2025

<u>**VIA E-MAIL**</u>

Shawn T. Andrews
Assistant United States Attorney
United States Attorney's Office for the
   Central District of California
312 North Spring Street, Suite 1300
Los Angeles, CA 90012

     **Re:**    <u>*United States v. David Huerta*</u>, Case No. 2:25-cr-00841-SB

Dear Mr. Andrews:

    While we are in receipt of discovery previously provided by your Office, on behalf of our client David Jose Huerta, we hereby make the following requests to be thorough and to effectuate the full requirements of Rule 16 of the Federal Rules of Criminal Procedure, Rule 404(b) of the Federal Rules of Evidence, the applicable rules of prosecutorial ethics, the Fifth and Sixth Amendments to the United States Constitution, and the Supreme Court's rulings in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), and *Giglio v. United States*, 405 U.S. 150 (1972).

    The documents and information that we request include not only documents and information in the possession, custody, or control of your office, or otherwise available to your office, but also documents and information in the possession, custody, or control of any federal, state, territorial, or local agency allied with the prosecution (including, without limitation, the Department of Justice ("DOJ"); the Federal Bureau of Investigation ("FBI"); the Department of Homeland Security ("DHS"); Drug Enforcement Administration ("DEA"); and any other federal and/or state law enforcement agencies involved with the events and/or investigation in this matter (collectively, the "Government Agencies"). *See, e.g.*, *United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980); *United States v. Deutsch*, 475 F.2d 55, 57 (5th Cir. 1973), *overruled on other grounds by United States v. Henry*, 749 F.2d 203 (5th Cir. 1984); *United States v. Perdomo*, 929 F.2d 967, 970-71 (3d Cir. 1991); *United States v. Cano*, 934 F.3d 1002, 1023 (9th Cir. 2019) (prosecutor's knowledge and access presumed if the agency participates in the investigation of the defendant); *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989) (prosecutor's duty of disclosure not limited to charging district but includes anything in the possession, custody or control of the national agency participating in the same investigation); *United States v. Bryant*, 439 F.2d 642, 650 (D.C. Cir. 1971), *overruled on other grounds by*

*Arizona v. Youngblood*, 488 U.S. 51 (1988).  In addition, given the nature of the investigation and charges, we ask that you seek documents from all other departments and agencies, state and federal, that may possess them.  *See United States v. Price,* 566 F.3d 900, 908-09 (9th Cir. 2008) (prosecutor's discovery obligation includes learning of any exculpatory evidence know to a state police officer working with the ATF); *United States v. Cerna*, 633 F. Supp. 2d 1053, 1059 (N.D. Cal. 2009) (in federal RICO case prosecutor required to learn of any *Brady* evidence in possession of all law enforcement agencies, state and federal, involved in the investigation).

## I.    Information Particulars

Defense counsel requests more particular information about the allegations in the Information:

A.    Identify the "others known and unknown" with whom Mr. Huerta is alleged to have "aided and abetted" the actions described.

B.    Identify the specific conduct that constituted "obstruct, resist, and oppose an officer" alleged in the Information.

C.    Identify "the officer(s)" who was attempting to "serve and execute any legal judicial writ and process" at the 2415 East 15th Street, Los Angeles, CA location on June 6, 2025.

D.    Identify the "judicial writ and process of any court . . . namely, a search warrant" identified in the Information and provide information as to when it was obtained and executed and by which agents of the federal government.

## II.    Rule 16 Discovery

Defense counsel requests the ongoing production of all materials subject to disclosure under Rule 16(a)(1)(A), (B), and (D).  In addition, pursuant to Rule 16(a)(1), defense counsel specifically requests the production of all statements (oral, written and/or recorded) made by David Huerta or persons you will claim were his agents.

Defense counsel also requests production of reports and data concerning any examination of the iPhone 14 Pro Max serial number L2QL5Y605L seized and in the government's possession.

## III.    Specific Requests Under *Brady*, *Agurs*, *Giglio*, and the Fourth and Fifth Amendments

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, provide  "all exculpatory or impeaching material" including, but not limited to, any information indicating or tending to indicate that any of the allegations contained in the Information are not true, that government witnesses are not credible, or that David Huerta did not have the intent alleged in the charges.

As noted above, this request is not limited to documents and information in the possession, custody, or control of your Office, or otherwise available to your Office, but also documents and information in the possession, custody, or control of any member of the Government Agencies and relevant federal and state departments and agencies.

This request includes, but is not limited to, the following:

A.  Any documents, communications, and/or information stating or reflecting where and when David Huerta was located during the execution of the warrant referred to in the Information.

B.  Any documents, communications, and/or information indicating that David Huerta was not standing or sitting in front of the entrance of the 2415 East 15th Street, Los Angeles, CA location when any warrant was being executed.

C.  Any documents, communications, and/or information indicating that David Huerta was not standing or sitting in front of a white van that approached the 2415 East 15th Street, Los Angeles, CA location when any warrant was being executed.

D.  Any documents, communications, and/or information describing or reflecting any deficiency in the warrant referred to in the Information or in the execution of the warrant.

E.  Any video, audio recordings and other images of the service and execution of the warrant by law enforcement at 2415 East 15th Street, Los Angeles, California.

F.  Any documents, communications, and/or information describing or reflecting any violation of law, rules, or policy by anyone associated with or involved in events and/or the investigation of this matter with respect to their activities in the events and/or investigation of this case.

G.  Any documents, communications, and/or information describing or reflecting prior criminal convictions, guilty verdicts, or juvenile adjudications (including but not limited to any relevant "rap sheets") of any witness the government intends to call at trial.

H.  Any documents, communications, and/or information describing or reflecting any consideration or promise given by any law enforcement official, prosecutor, or government agent during the course of the investigation of the above-referenced case to any witness the government intends to call at trial. Such "consideration" or "promise" includes, but is not limited to, anything that could be of value to the witness, such as favorable treatment or assistance in another criminal matter, immunity, letters of support for the witness, or anything else that would provide the witness with an incentive or motive to provide testimony against the defendant at trial.

I.  Any documents, communications, and/or information not requested above that describe or reflect the motivation of any witness to cooperate with the United States.

J.  Any documents, communications and/or information not requested above that describe or reflect the competency or credibility of any witness the government intends to call at trial.

K.  Any documents, communications, and/or information not requested above that describe or reflect any bias or hostility against defendant, any protestor(s) specifically or in general not limited to these events on June 6, or any witness, whom the government intends to call at trial.

L.      Any documents, communications, and/or information stating or indicative of destruction of any evidence including and not limited to texts, emails or other messaging concerning the events or investigation or documentation of such investigation.

M.      Any documents, communications and/or information describing and/or relating to agents contact with defendant Huerta in the late evening/early morning hours of June 6 to 7 at the MDCLA and inquiry regarding the password for the phone.

## IV.      Rule 26/Jencks Act Material

For some time, in cases where there is no legitimate concern for flight or witness tampering and in the spirit of full compliance with *Brady* and its progeny, the Department of Justice has provided witness interview memoranda and grand jury testimony as part of initial discovery (outside of such testimony that also will include *Brady* material). We request this material in this phase of discovery.

## V.      Other Crimes Evidence

Pursuant to the Fifth and Sixth Amendments and Federal Rule of Evidence 404(b), defendant requests that the prosecution disclose all evidence of any similar crimes, wrongs, or acts allegedly committed by David Huerta, upon which the prosecution intends to rely to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

## VI.      Investigative Witness Statements

With respect to those individuals interviewed by the government as part of its investigation in this matter, defendant specifically requests:

A.      Any draft FBI-302s, FD-1023s or other law enforcement interview reports, memoranda, notes, or recordings describing such interviews.

B.      Any requests by investigating agents or members of the Department of Justice to edit, revise, include in, or otherwise change the content of any 302 or other law enforcement interview reports, memoranda, notes, or recordings.

*       *       *

Defense counsel requests that you take all necessary steps to preserve and retain all evidence in the possession of the government agencies described above and their members related to the allegations in this matter and investigation of same. For purposes of these requests, "evidence" is defined broadly to include any writing, material object, or digital/electronic item.

Defense counsel would appreciate your response to these requests as soon as possible and any exculpatory material in the government's possession should be prioritized for disclosure. We will supplement these requests as we continue our preparation for trial. If you have any questions regarding these requests, please contact me.

Thank you for your consideration.

L&A

Sincerely,

Abbe David Lowell
*Founding Member*
Lowell & Associates, PLLC

Marilyn Bednarski, Esq.
*Partner*
McLane, Bednarski & Litt, LLP

cc:    Frances S. Lewis, Assistant United States Attorney