MARILYN E. BEDNARSKI, SBN 105322
E-Mail: mbednarski@mbllegal.com
McLane, Bednarski & Litt, LLP
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

ABBE DAVID LOWELL (*pro hac vice*)
Email: alowellpublicoutreach@lowellandassociates.com
DAVID A. KOLANSKY (*pro hac vice*)
Email: dkolansky@lowellandassociates.com
Lowell and Associates, PLLC
1250 H Street NW, Suite 250
Washington, DC 20005
Telephone: (202) 964-6110

Attorneys for Defendant
DAVID HUERTA

WESTERN DIVISION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID HUERTA,<br><br>    Defendant. | CASE NO.: 2:25-CR-00841-SB-1<br><br>**JOINT MOTION IN LIMINE #1 - DEFENDANT'S UNOPPOSED MOTION TO PRECLUDE FRE 404(B) EVIDENCE**<br><br>Date: TBD[1]<br>Time: 8:00 a.m.<br>Ctrm: 6C<br><br>Estimated time 15 minutes |

---

[1] The Defense is filing this unopposed JMIL and Mr. Huerta's omnibus reply brief in support of his Motions to Dismiss today and will complete the remainder of the pretrial and trial filings consistent with the reset pretrial conference and trial dates.

|   |   |
|---|---|
| 1 | Defendant David Huerta, by and through his counsel of record, Marilyn E. Bednarski of McLane, Bednarski & Litt, LLP, and Abbe David Lowell and David A. Kolansky of Lowell & Associates, PLLC, and Plaintiff, United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Neil Thakor and Chris Bulut, **hereby file this Joint Motion in Limine #1 in which Defendant moves to exclude Mr. Huerta's prior arrests and citations for the following violations: (a) remaining at the scene of riot on November 26, 1996 and July 14, 2014; (b) refusal to disperse on September 14, 2018; and (c) failure to obey a lawful order on October 6, 2022.** Defendant's position is that the noticed evidence is not admissible under FRE 404(b) and that it should be excluded under FRE 401 and 402 as not relevant, and under FRE 403 as more prejudicial than probative. |

Defendant David Huerta, by and through his counsel of record, Marilyn E. Bednarski of McLane, Bednarski & Litt, LLP, and Abbe David Lowell and David A. Kolansky of Lowell & Associates, PLLC, and Plaintiff, United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California, Assistant United States Attorneys Neil Thakor and Chris Bulut, **hereby file this Joint Motion in Limine #1 in which Defendant moves to exclude Mr. Huerta's prior arrests and citations for the following violations: (a) remaining at the scene of riot on November 26, 1996 and July 14, 2014; (b) refusal to disperse on September 14, 2018; and (c) failure to obey a lawful order on October 6, 2022.** Defendant's position is that the noticed evidence is not admissible under FRE 404(b) and that it should be excluded under FRE 401 and 402 as not relevant, and under FRE 403 as more prejudicial than probative.

On December 21, 2025, the government provided Mr. Huerta's counsel with a 404(b) Notice, providing "notice of the government's intent to introduce evidence of David Huerta's prior arrests and citations for" the above-referenced events in 1996, 2014, 2018, and 2022 (collectively, the "404(b) Evidence"). Ex 1.

On January 5, 2026, the parties met and conferred concerning Defendant's opposition to the Government's notice of intent to offer evidence of prior bad acts, not in its case-in-chief, but during the cross examination of Mr. Huerta, should he testify.[2] The parties were unable to reach an agreement precluding this evidence altogether. Declaration of Marilyn E. Bednarski ¶¶ 3–4.

---

[2] During the meet and confer, the government indicated it does not intend to offer the 404(b) Evidence in its case-in-chief. To the extent it becomes relevant at trial, the government agreed to raise any 404(b) issues with defense counsel and the Court prior to examining Mr. Huerta on these alleged prior bad acts in front of the jury. Nevertheless, Mr. Huerta submits that this evidence should be precluded, as it is not relevant to the charged conduct of knowingly and willfully obstructing,

1

1  On January 14, 2026, counsel for the government (AUSA Thakor) indicated
2  that after considering Defendant's moving papers to exclude FRE 404(b) evidence,
3  "we have decided to withdraw our intent to introduce the 404(b) evidence. As a
4  result, we do not have an opposition to share with you on that motion." Accordingly,
5  Mr. Huerta files this motion *in limine* unopposed.

Dated: January 28, 2026                Respectfully submitted,

                                       McLANE, BEDNARSKI & LITT, LLP

                                       By:  /s/ *Marilyn E. Bednarski*
                                              Marilyn E. Bednarski
                                              Attorneys for Defendant Huerta

Dated: January 28, 2026

                                       LOWELL & ASSOCIATES, PLLC

                                       By:  /s/ *Abbe David Lowell*
                                              Abbe David Lowell (pro hac vice)
                                              Attorneys for Defendant Huerta

Dated: January 28, 2026                By:  /s/ *Neil Thakor*
                                              NEIL THAKOR
                                              CHRIS BULUT
                                              Assistant United States Attorneys

---

resisting, or opposing a federal officer executing a search warrant, and is highly prejudicial. Resolving this before trial will avoid delay and interruption of trial.

2

**MOTION IN LIMINE #1**

**DEFENDANT'S MOTION TO PRECLUDE FRE 404(b) EVIDENCE**

I.      THE DEFENSE POSITION

**Defendant David Huerta opposes the government's proffer of evidence of his prior arrests and citations for the following violations: (a) remaining at the scene of riot on November 26, 1996 and July 14, 2014 (Acts 1 & 2); (b) refusal to disperse on September 14, 2018 (Act 3); and (c) failure to obey a lawful order on October 6, 2022 (Act 4).** The government provided a 404(b) notice of its intent to offer such evidence on December 21, 2026. Ex. 1, Letter from AUSA Neil Thakor. In that notice, the government stated that it did not intend to introduce the evidence in its case-in-chief, but should Mr. Huerta testify at trial that he did not intend to obstruct federal agents, that he did not know his actions were unlawful, or that he did not know his conduct was obstructing or interfering, it would then seek to introduce the evidence as evidence of his intent and knowledge. Ex. 1.

The defense position is that the noticed evidence is not admissible under FRE 404(b) and that it should be excluded under FRE 401 and 402 as not relevant, and under FRE 403 as more prejudicial than probative.

A.      The Four-Part Test for Admission of 404(B) Evidence and the Requirement that the Probative Value Not Be Substantially Outweighed By the Danger of Unfair Prejudice.

Before the 404(b) evidence may be admitted under Rule 404(b), the following prerequisites must be met: (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) the act is similar to the offense charged. *United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999). If the proffered evidence meets this four-part test, then it "must also pass scrutiny under Rule 403." *Id.*; *United States v. Bailleaux*, 685 F.2d 1105, 1109–10 (9th Cir. 1982).

1

  **B.**   **A Document Merely Referencing a Citation, Arrest or Detention is Insufficient to Prove Mr. Huerta Committed the Proffered Bad Acts.**

  The proof consisting of a law enforcement criminal record query and a police report is insufficient to establish that Mr. Huerta committed any of the four "bad acts." None resulted in any conviction. Acts 1 and 2 are deferrals and not convictions. Acts 3 and 4 are detentions only. Furthermore, there is no evidence that any of the acts included any admissions of guilt. In *United States v. Bailey*, 696 F.3d 794, 799-800 (9th Cir. 2012), the Ninth Circuit reversed the conviction, finding that the trial court erred in admitting the prior SEC complaint in Bailey's criminal securities fraud trial, as the evidence failed the admissibility test. There was no admission of liability and the complaint, which is "a mere accusation of conduct," was insufficient to prove the charged act was committed. *Id*. Further the appellate court found that admitting the complaint may have permitted the jurors to draw the "impermissible" and "simplistic" inferences that, if the defendant was accused, it probably or actually occurred. *Id*. at 801.

  **C.**   **The Evidence of the Proffered Dissimilar Acts Are Not Relevant to Prove Any Material Point in This Case.**

  To prove the offense charged, the government is required to establish that "the defendant acted knowingly and willfully." *United States v. Peifer*, 474 F. Supp. 498, 505 (E.D. Pa. 1979), *aff'd*, 615 F. 2d 1354 (3d Cir. 1980). The government seeks to argue that the prior citations are relevant to show that Defendant knew what he was doing was wrong, and that he acted intentionally to obstruct the agents' service or execution of a search warrant. The *Bailey* case squarely rejects this reasoning. *Bailey*, 696 F. 3d. at 802 ("since the previous complaint was never proved, nor was the truth of any of it conceded, it could not have established knowledge of the law). Moreover, knowledge gained from a prior act must be logically connected to the

knowledge at issue. *United States v. Hernandez-Miranda*, 601 F.2d 1104 (9th Cir. 1979).

The government indicated when asked about relevance, that if Mr. Huerta were to testify to something like, "I didn't know I was doing anything wrong," that it would be fair to ask him, "weren't you cited out for failure to disperse," a reference to Act 3, the alleged prior act from September, 2018. But this and the other prior citations, even if the conduct occurred, are not logically relevant to the current charge which requires willful and knowing intent to obstruct, resist, or oppose the lawful execution of a warrant. Here the government cannot establish similarity between the alleged prior acts and the charges in this case.

Acts 1 and 2 are alleged citations for "remaining at the scene of a riot (Ca. Pen. Code § 409). Act 3 is an alleged citation for failure to disperse (Ca. Pen. Code § 416(a)). Act 4, the October 2022 incident concerns an alleged citation to a pedestrian for failing to yield outside a crosswalk (Ca. Veh. Code § 21954(A)) and failure to obey order of an officer enforcing the vehicle code (Ca. Veh. Code § 2800(A)). The incident report related to this incident is about a group of protestors and is not specific to Mr. Huerta. The report states that a California Highway Patrol officer ordered protestors to disburse three times and they refused and were cited to court. The report contains no description of any communication specifically with Mr. Huerta.

But in our case, no order to disperse or leave was made to Mr. Huerta and there is no evidence that if any order was given, that it was given to him, or that he heard it. As alluded to above, there was no similar lawful order given to Mr. Huerta in this case. The discovery produced (statements by agents and not video or audio recordings) contains two claimed statements made during the protest, neither of which are similar to the prior incidents. One statement is to the effect that some agent stated within earshot of Huerta that if you are impeding or obstructing when the van

3

comes, you will go to jail and the other is a characterization by someone, not a quote attributed to an agent, that the agent "advised HUERTA that there was a government vehicle pulling in, and not to block the van." Bednarski Decl. at ¶ 5.

It is questionable whether such statements even occurred, as no such statements are on any video or audio recording. Bednarski Decl. at ¶ 6. In fact, the opposite statement is made by Agent Ribner in government video 2744: "you are not, you are not impeding us." Bednarski Decl. at ¶ 6.

Furthermore, neither statement constitutes a clear order to Mr. Huerta such as an "order to disperse" or an order not to walk outside a crosswalk. A further basis of dissimilarity is that none of the prior citations involve the knowing and willful impeding of the service of a warrant, as charged here. Finally, even had these two claimed "statements" occurred, they would not constitute a clear and lawful order as they fail to describe what Mr. Huerta should not do, what activity constitutes obstructing, resisting or opposing, or to clarify how the protest occurring on a public sidewalk, outside of a gate would be impeding anything going on inside a closed building thousands of feet away from the protest.

D. **The Proffered Acts Also Fail the Admission Test as Remote in Time.**

All of the proffered acts are years old and therefore remote in time. (Act 1, 1996); Act 2 (2014), Act 3 (2018) and Act 4 (2022). And, the years-old incidents the government may seek to shoehorn in at trial have no bearing on the conduct charged here nor are they instructive of any intent on Mr. Huerta's part in his protest outside Ambiance Apparel on June 6.

E. **The Prejudice Outweighs Any Marginal Relevance.**

Finally, the evidence should be excluded under FRE 403, which provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

4

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here there is real danger that if such evidence is admitted, Mr. Huerta would be convicted based on propensity and not the actual facts of this case. Such evidence would cause the jury to conclude he is a bad and not law-abiding person. Further, in light of the lack of similarity, the evidence would be confusing and misleading to the jury and would cause undue delay and waste time with Mr. Huerta having to explain prior acts that have no connection to the present case.

## II. THE GOVERNMENT'S POSITION

On January 14, 2026, counsel for the Government (AUSA Thakor) indicated that after considering Defendant's moving papers to exclude FRE 404(b) evidence, "we have decided to withdraw our intent to introduce the 404(b) evidence. As a result, we do not have an opposition to share with you on that motion."