TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
NEIL THAKOR (Cal. Bar No. 308743)
CHRIS S. BULUT (Cal. Bar No. 352016)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6595 / 6738
    Facsimile:  (213) 894-0141
    E-mail:  neil.thakor@usdoj.gov
        chris.bulut@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID JOSE HUERTA,<br><br>Defendant. | No. 2:25-cr-00841-SB<br><br>JOINT MOTION *IN LIMINE* NO. 2: GOVERNMENT'S UNOPPOSED MOTION TO PRECLUDE EVIDENCE AND ARGUMENT THAT DEFENDANT WAS ALLEGEDLY INJURED DURING HIS ARREST<br><br>Hearing Date:  2/3/2026<br>Hearing Time:  8:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Neil Thakor and Chris S. Bulut, hereby moves in limine to preclude defendant David Jose Huerta ("defendant") **from presenting irrelevant and prejudicial evidence, argument, or testimony related to any alleged injuries defendant**

//

**claims he suffered during his arrest in this case.**

Dated: 1/27/2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

   /s/
NEIL THAKOR
CHRIS S. BULUT
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# GOVERNMENT'S MOTION

## I. INTRODUCTION

In June 2025, federal agents were executing a lawful warrant at 2415 East 15th Street, Los Angeles, California 90021 (the "Warrant Location") related to the unlawful employment of aliens, fraudulent use of social security numbers, and false statements regarding naturalization or citizenship. During the execution of the warrant, a group of demonstrators, including defendant, gathered by the front gate of the Warrant Location, blocking its entrance. Defendant encouraged the demonstrators to block the entrance of the Warrant Location and blocked the entrance to the Warrant Location himself by walking in circles and sitting on the ground directly in front of the front gate. When a law enforcement van attempted to enter the Warrant Location, defendant was pushed out of the way of the van by federal agents and arrested.

The government anticipates that defendant may seek to introduce evidence or argument that he sustained injuries when federal agents arrested him. However, any attempt by defendant to introduce evidence or argument relating to the injuries he suffered during the underlying incident should be excluded as irrelevant and unfairly prejudicial under Federal Rules of Evidence 401 and 403. Specifically, any argument defendant was injured during his arrest is not relevant to any of the elements of 18 U.S.C. § 1501, the crime charged in this case. Instead, the only purpose of such evidence would be to inflame the passions of the jury, garner sympathy for the defendant, and confuse the jury. For those reasons, the Court should exclude such evidence from trial.

## II. ARGUMENT

### A. Evidence of Any Injuries Suffered Is Irrelevant

Evidence or argument that defendant was injured during his arrest should be excluded from trial because it is not relevant.

Under Federal Rule of Evidence 401, evidence is relevant only if it has "any tendency to make a fact more or less probable" and the fact "is of consequence in

determining the action." Fed. R. Evid. 401. In this case, defendant is charged with a violation of 18 U.S.C. § 1501: obstruction, resistance, or opposition of a federal officer who was serving, attempting to serve, or executing a legal process of a court of the United States or United States magistrate judge. The elements of that charge are: (1) defendant knowingly and willfully obstructed, resisted, or opposed an officer of the United States; and (2) the officer was obstructed, resisted, or opposed while serving, or attempting to serve, a legal or judicial writ or process of a court of the United States or United States magistrate judge. 18 U.S.C. § 1501.

Here, evidence about any alleged injuries defendant suffered during his arrest has no bearing on any elements of the crime in this case. In addition, there is no self-defense affirmative defense for this charge, and therefore the conduct of the agents in arresting defendant and any injuries sustained during his arrest are not relevant.

### B.    Even If Minimally Relevant, the Evidence Should Be Excluded Under Rule 403

Even assuming some minimal relevance, the probative value of any alleged injuries that defendant suffered during the underlying incident is substantially outweighed by the danger of unfair prejudice, jury confusion, and undue delay. See Fed. R. Evid. 403. As the Ninth Circuit has explained, evidence is unfairly prejudicial when it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish, or triggers other mainsprings of human action." United States v. Blackstone, 56 F.3d 1143, 1146 (9th Cir. 1995) (internal quotation marks omitted).

Here, introducing evidence of any alleged injuries suffered would do precisely that — provoke sympathy for defendant while villainizing the federal agents who arrested him. In addition, the introduction of such evidence also risks confusing the jury as to the actual elements of the offense since it would invite the jury to shift its focus from defendant's conduct in this case to a referendum on whether federal agents acted appropriately when arresting defendant. For similar reasons, attempts to introduce

2

1 evidence that defendant was allegedly injured would also create "mini-trials" on whether
2 defendant was actually injured and whether the arrest was proper.
3      In short, the only purpose of introducing such evidence would be to confuse the
4 jury about the elements of the offense, inflame the passions of the jury, or otherwise
5 invite jury nullification by suggesting that the agents acted overzealously or
6 inappropriately.  Defendant is not entitled to introduce this otherwise irrelevant evidence
7 in the hopes of encouraging jury nullification.  This Court should prevent such attempts
8 to garner sympathy by excluding evidence of any alleged injuries defendant claims to
9 have suffered during his arrest.

## III. CONCLUSION

     For the foregoing reasons, the government respectfully requests that this Court grant its motion <u>in limine</u> and exclude any evidence, testimony, or argument that defendant was allegedly injured in the underlying incident, including testimony or commentary concerning any alleged injuries suffered during the takedown, restraint, and arrest, whether through video, photograph, or witness testimony.

**MR. HUERTA'S RESPONSE TO THE GOVERNMENT'S MOTION**

While Mr. Huerta was injured during his arrest, suffering cuts, abrasions and a concussion, he agrees not to present evidence, argument or testimony that he was injured during his arrest on June 6.

Dated: January 13, 2026                Respectfully submitted,

By: /s/ *Marilyn E. Bednarski*
Marilyn E. Bednarski
**MCLANE, BEDNARSKI & LITT, LLP**
975 East Green Street
Pasadena, California 91106
mbednarski@mbllegal.com
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

By: /s/ *Abbe David Lowell*
Abbe David Lowell (*pro hac vice*)
David A. Kolansky (*pro hac vice*)
**LOWELL AND ASSOCIATES, PLLC**
1250 H Street NW, Suite 250
Washington, DC 20005
alowellpublicoutreach@lowellandassociates.com
dkolansky@lowellandassociates.com
Telephone: (202) 964-6110

*Attorneys for Defendant David Huerta*

# DECLARATION OF CHRIS S. BULUT

I, Chris S. Bulut, declare as follows:

1. I am an Assistant United States Attorney for the Central District of California and the attorney assigned to represent the United States in <u>United States v. David Jose Huerta</u>, Case No. 2:25-cr-00841-SB. I make this declaration in support of the government's Motion <u>in Limine</u> No. 2 to preclude defendant David Jose Huerta from presenting irrelevant and prejudicial evidence, argument, or testimony related to any alleged injuries defendant claims he suffered during his arrest in this case.

2. On December 31, 2025, I emailed defense counsel the evidence to be excluded as part of this Motion <u>in Limine</u>, along with the specific terms of the order sought and the rationale and supporting authority.

3. On January 5, 2026, defense and government counsel met and conferred via Teams regarding this Motion <u>in Limine</u>. Defense counsel indicated that they wanted to review the contents of the Motion <u>in Limine</u> and the language suggested to the Court before deciding on their position.

4. On January 6, 2026, I emailed defense counsel Motion <u>in Limine</u> No. 2 for their review.

5. On January 13, 2026, defense counsel emailed me back with the non-opposition to Motion <u>in Limine</u> No. 2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on January 28, 2026.

/s/ *Chris S. Bulut*
Chris S. Bulut