```
TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
NEIL THAKOR (Cal. Bar No. 308743)
CHRIS S. BULUT (Cal. Bar No. 352016)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-6595 / 6738
     Facsimile:  (213) 894-0141
     E-mail:     neil.thakor@usdoj.gov
                 chris.bulut@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00841-SB |
|---|---|
| Plaintiff, | <u>JOINT MOTION *IN LIMINE* NO. 3: GOVERNMENT'S MOTION TO PRECLUDE EVIDENCE AND ARGUMENT AIMED AT JURY NULLIFICATION BY CHALLENGING UNITED STATES IMMIGRATION LAW OR POLICY</u> |
| v. | |
| DAVID JOSE HUERTA, | |
| Defendant. | |
| | Hearing Date:  2/3/2026<br>Hearing Time:  8:00 a.m. |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Neil Thakor and Chris S. Bulut, hereby move in limine to preclude defendant David Jose Huerta ("defendant") from **presenting argument aimed at jury nullification by questioning immigration and challenging or critiquing current**

//

United States immigration policy.

Dated: 1/28/2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

    /s/
NEIL THAKOR
CHRIS S. BULUT
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# GOVERNMENT'S MOTION

## I.     INTRODUCTION

In June 2025, federal agents were executing a lawful warrant at 2415 East 15th Street, Los Angeles, California 90021 (the "Warrant Location") related to the unlawful employment of aliens, fraudulent use of social security numbers, and false statements regarding naturalization or citizenship.  During the execution of the warrant, a group of demonstrators, including defendant, gathered by the front gate of the Warrant Location, blocking its entrance.  Defendant encouraged the demonstrators to block the entrance of the Warrant Location and blocked the entrance to the Warrant Location himself by walking in circles and sitting on the ground directly in front of the front gate.  When a law enforcement van attempted to enter the Warrant Location, defendant was pushed out of the way of the van by federal agents and arrested.

The government anticipates that during trial, defense may attempt to justify defendant's unlawful conduct by criticizing United States immigration policy or debate the legitimacy of immigration enforcement in Los Angeles.  Any such evidence or argument would serve no legitimate evidentiary purpose and would invite the jury to decide the case based on emotion, sympathy, or disagreement with federal immigration law rather than on the facts and the law.

Under Federal Rules of Evidence 401, 402, and 403, and consistent with the Ninth Circuit's prohibition on arguments designed to encourage jury nullification, the Court should preclude any reference, question, or argument concerning immigration policy or enforcement as a matter of political opinion or moral critique.

## II.     ARGUMENT

### A.     Trial Courts Have a Duty to Prevent Jury Nullification

Trial courts "have the duty to forestall or prevent" jury nullification, including by prohibiting "impermissible" defense questioning or argument.  United States v. Lynch, 903 F.3d 1061, 1079 (9th Cir. 2018).  Because arguments about immigration law or

policy are irrelevant to the charged offense and risk inviting nullification, exclusion is warranted.

Evidence is relevant only if it has a "tendency to make a fact more or less probable" and that fact is "of consequence in determining the action." Fed. R. Evid. 401. The government must prove only that: (1) defendant knowingly and willfully obstructed, resisted, or opposed an officer of the United States; and (2) the officer was obstructed, resisted, or opposed while serving, or attempting to serve, a legal or judicial writ or process of a court of the United states or United States magistrate judge. 18 U.S.C. § 1501. Nothing about the merits, fairness, or morality of U.S. immigration laws bears on those elements. Defendant is not justified or excused from his unlawful conduct because of critiques of immigration policy.

### B. Immigration Policy Critiques Are Irrelevant and Risk Confusing and Prejudicing the Jury

Even if minimally relevant, the probative value of such commentary would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. Fed. R. Evid. 403.

Courts have repeatedly held that neither a defendant nor counsel may present evidence irrelevant to a legal defense or an element of the charged offense. United States v. Scarmazzo, 554 F.Supp.2d 1102, 1108 (E.D. Cal. 2008), aff'd sub nom, United States v. Montes, 421 F.App'x 670 (9th Cir. 2011). Courts have rejected the idea that juries should be informed of their nullification power, United States v. Navarro-Vargas, 408 F.3d 1184, 1198 (9th Cir. 2005), and courts may properly instruct jurors to disregard such appeals. United States v. Blixt, 548 F.3d 882, 890 (9th Cir. 2008).

In analogous contexts, courts in this Circuit have excluded argument and evidence designed to provoke nullification. See, e.g., United States v. Castro-Cabrera, 534 F.Supp.2d 1156, 1162 (C.D. Cal. 2008) (excluding immigration-policy argument as "irrelevant to the elements" of the charge offense); United States v. Miranda-Oregel, 2014 WL 994380, at *3 (E.D. Cal. Mar. 12, 2014), report and recommendation adopted,

2

2015 WL 871949 (E.D. Cal. Feb. 27, 2015) (explaining that the district court precluded all arguments and evidence relating to a jury nullification defense on a motion in limine). Those decisions recognize that defendants may not transform criminal trials into forums for social or political protest.

Here, allowing debate over immigration policy here would only encourage jurors to substitute personal views about border enforcement for the neutral application of the law, contrary to the Court's duty to ensure verdicts rest "on the law and the evidence, not on jury nullification as urged by either litigant." Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) (citing Chandler v. Florida, 449 U.S. 560, 574 (1981)) (emphasis in original). Defendant remains free to argue that the government's evidence fails to prove the elements of 18 U.S.C. § 1501. But he should not be permitted to divert the jury with political commentary or moral objections to immigration enforcement. Excluding such material ensures jurors decide the case on the evidence and the Court's instructions—not on sympathy, ideology, or policy preferences.

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court grant its motion in limine and exclude any evidence, testimony, or argument that criticizes, questions, or otherwise seeks to challenge United States immigration law or policy or that is intended to invite jury nullification rather than address the legal elements of the charged offense.

## MR. HUERTA'S RESPONSE TO THE GOVERNMENT'S MOTION

Should Mr. Huerta testify in his own defense, it is the government's stated position that Mr. Huerta can testify that he went to Ambiance to protest on June 6, what he intended to accomplish at Ambiance, and what he said (or did) during his time at Ambiance on that day. (1/12/2026 Email to Defense Counsel). However, the government maintains that it would be improper for Mr. Huerta to testify (should he testify) as to what specific issue(s) he has with U.S. immigration policy that caused him to want to protest or any specific critiques he has about federal immigration policy or enforcement. *Id.* That position is too restrictive and infringes on Mr. Huerta's rights to a fair trial should he testify in this case.

Mr. Huerta should be able to explain to the jury why he went to Ambiance on June 6, that it is important for members of society to observe, document, and record government action, as he has done his entire career as a labor leader, to share and shed light on what government officials and law enforcement are doing (i.e., to record and observe).

Mr. Huerta must be able to explain oral statements he made that day, for example, when he asked agents, "[h]ow are you keeping us safe," including what he meant and what was he conveying, or explain his statement, "[y]our clothes were probably made there," a reference to agents' gear and clothing being made in America by immigrant workers.

Mr. Huerta must also be able to explain his actions, particularly (as video evidence will show) why he was briefly sitting on the sidewalk outside Ambiance—a form of classic protest activity on a public sidewalk. He needs to be able to describe why he was standing on the public area of the sidewalk when the gate opened, and not on private property. And he must be able to explain why he was walking in circles in front of the gate, and what that meant—again a form of classic protest activity.

Any argument (by the government) that the defense cannot argue or testify about what caused Mr. Huerta to want to go to Ambiance and/or to protest that day, or any specific critiques he had about federal enforcement operations taking place at Ambiance, would improperly restrict the Defendant's ability to explain his actions and statements on June 6 to the jury and infringe on his right to fair trial.

While Mr. Huerta has every right to explain his words and conduct that will be presented by the prosecutors, he and his counsel agree that they have no right to and do not intend to suggest or argue for what the government describes as jury nullification. Accordingly, Mr. Huerta opposes (in part) the government's motion to exclude any evidence, testimony, or argument that criticizes, questions, or otherwise seeks to challenge United States immigration law or policy to the extent it limits in any way Mr. Huerta's ability to explain or describe his statements, actions, motivations, or intentions on June 6.

Dated: January 13, 2026 　　　　　　　　　Respectfully submitted,

By: */s/ Marilyn E. Bednarski*
Marilyn E. Bednarski
**MCLANE, BEDNARSKI & LITT, LLP**
975 East Green Street
Pasadena, California 91106
mbednarski@mbllegal.com
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

By: */s/ Abbe David Lowell*
Abbe David Lowell (*pro hac vice*)
David A. Kolansky (*pro hac vice*)
**LOWELL AND ASSOCIATES, PLLC**
1250 H Street NW, Suite 250
Washington, DC 20005
alowellpublicoutreach@lowellandassociates.com
dkolansky@lowellandassociates.com
Telephone: (202) 964-6110

*Attorneys for Defendant David Huerta*

# GOVERNMENT'S REPLY

The government's motion in limine moves to specifically preclude the defense from criticizing United States immigration policy, debating the legitimacy of immigration enforcement, or framing defendant's conduct as political expression against federal immigration operations. This motion does not seek to preclude defendant from testifying that he went to Ambiance Apparel to protest, what he attended to accomplish at Ambiance, or what he said or did during his time at Ambiance on that day. However, beyond that, it is improper for defendant to testify as to what specific issues he has with immigration policy that caused him to want to protest or any specific critiques he has about federal immigration policy or enforcement.

Courts often exclude irrelevant motive evidence—including where the motive of criminal conduct is specifically driven by defendant's feelings against United States immigration policy. In United States v. Lopez, the court granted the government's motion in limine to exclude any evidence, testimony, or argument by defendant that criticized United States immigration laws or policies, including any attempt to reference or discuss immigration policy as contextual justification for defendant's conduct. The court further found that discussion of the various criticisms of immigration policy is irrelevant and any marginal relevance is far outweighed by the prejudice of distracting the jury from the issues at hand. United States v. Lopez, No. 2:25-cr-00705-MEMF, Dkt. No. 71 (C.D. Cal. Oct. 27, 2025); see also United States v. Chugay, 2022 WL 1782583 at *1 (S.D. Fla. June 1, 2022) (introduction of motive evidence to show that defendant conspired to harbor aliens because he wanted to help poor immigrants was denied because it could only serve to invoke sympathy from the jury).

Accordingly, the government respectfully requests that the Court should preclude any reference, question, or argument concerning immigration policy or enforcement as a matter of political opinion or moral critique.

# DECLARATION OF CHRIS S. BULUT

I, Chris S. Bulut, declare as follows:

1. I am an Assistant United States Attorney for the Central District of California and the attorney assigned to represent the United States in United States v. David Jose Huerta, Case No. 2:25-cr-00841-SB. I make this declaration in support of the government's Motion in Limine No. 3 to preclude defendant David Jose Huerta from presenting irrelevant and prejudicial evidence, argument, or testimony related to any alleged injuries defendant claims he suffered during his arrest in this case.

2. On December 31, 2025, I emailed defense counsel the evidence to be excluded as part of this Motion in Limine, along with the specific terms of the order sought and the rationale and supporting authority.

3. On January 5, 2026, defense and government counsel met and conferred via Teams regarding this Motion in Limine. Defense counsel indicated that they wanted to review the contents of the Motion in Limine and the language suggested to the Court before deciding on their position.

4. On January 6, 2026, I emailed defense counsel Motion in Limine No. 3 for their review.

5. On January 13, 2026, defense counsel emailed me back with their opposition to Motion in Limine No. 3.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on January 28, 2026.

/s/ *Chris S. Bulut*
Chris S. Bulut