TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
NEIL THAKOR (Cal. Bar No. 308743)
CHRIS S. BULUT (Cal. Bar No. 352016)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6595/6738
    Facsimile: (213) 894-0141
    E-mail: neil.thakor@usdoj.gov
            chris.bulut@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-cr-00841-SB |
| Plaintiff, | JOINT MOTION *IN LIMINE* NO. 1: GOVERNMENT'S MOTION TO ADMIT THE APPLICATION FOR A WARRANT AND WARRANT FILED IN 2:25-MJ-03427 |
| v. | |
| DAVID JOSE HUERTA, | |
| Defendant. | Hearing Date: 2/3/2026<br>Hearing Time: 8:00 a.m. |

      Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Neil Thakor and Chris S. Bulut, **hereby move <u>in limine</u> to admit the Application for a Warrant (the "Application") and Warrant to search the premises located at 2415 East 15th Street, Los Angeles, California 90021, and to**

seize evidence of federal offenses (the "Warrant"), filed in magistrate case number 2:25-mj-03427 in the Central District of California.

Dated: January 28, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

_____/s/_____
NEIL THAKOR
CHRIS S. BULUT
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# GOVERNMENT'S MOTION

## I. INTRODUCTION

Defendant David Huerta ("defendant") is charged with obstructing, and aiding and abetting others that were obstructing, federal agents who were executing a warrant, in violation 18 U.S.C. § 1501. Specifically, on June 6, 2025, federal agents were executing a federal warrant signed by Magistrate Judge Margo Rocconi at 2415 East 15th Street, Los Angeles, California 90021 (the "Warrant Location") in connection with an investigation into violations of multiple federal offenses including unlawful employment of aliens, fraudulent use of social security numbers, and false statements regarding naturalization or citizenship. During the execution of the Warrant, defendant blocked the entrance of the Warrant Location and encouraged other demonstrators to join him in blocking the entrance of the Warrant Location.

The government moves *in limine* to admit the Application and the Warrant into evidence. The Application and Warrant are relevant because the documents establish one of the elements of crime charged in this case, which is that the federal agents obstructed were executing a lawful and valid warrant. In addition to being relevant, the Application and Warrant do not constitute hearsay because they are not being offered for the truth of the matter asserted. Rather, the documents have independent legal significant since they establish an element of the charge and are also being offered to explain the purpose and goals of the federal agents during the operation at the Warrant Location.

For these reasons, the Court should admit the Application and Warrant into evidence.

## II. ARGUMENT

### A. The Application and Warrant Are Authentic

There can be no legitimate question as to the authenticity of the Application and Warrant. Both documents were filed under Docket Entry No. 1 in magistrate case number 2:25-mj-03427 in the Central District of California contain ECF headers at the

top of each page. Ex. A (Application for Warrant)[1]; Ex. B (Warrant). Accordingly, the Application and Warrant should be deemed authentic.

### B. The Application and Warrant Are Relevant and Not Unfairly Prejudicial

The Application and Warrant also satisfy Federal Rule of Evidence 401 and 403 for several reasons.

First, the Application and Warrant establish an element of the offense. To convict the defendant at trial, the government has the burden of establishing that the federal agents obstructed were executing a valid "legal or judicial writ or process of any court of the United States, or United States magistrate judge." 18 U.S.C. § 1501. A conviction cannot be sustained if the warrant is invalid. See, United States v. Marcyes, 557 F.2d 1361, 1363 (9th Cir. 1977); Sparks v. United States, 90 F.2d 61 (6th Cir. 1937). For that reason, the Application and Warrant are relevant because the documents establish that the federal agents obstructed at the Warrant Location were executing a lawful and valid warrant supported by probable cause and approved by a Magistrate Judge.

Second, the Application and Warrant are also relevant to explain why federal agents were at the Warrant Location, what federal crimes they were investigating, and the objectives of the federal agents during their operation. Specifically, the Application and Warrant will show is that the federal agents were at the Warrant Location investigating federal crimes, including the employment of unlawful aliens, the use of fraudulent social security numbers belonging to other United States citizens, and the use of fraudulent visas. This is critical to government's ability to present a coherent narrative of the crime charged at trial. Old Chief v. United States, 519 U.S. 172, 189, (1997).

---

[1] The Application for Warrant will be filed under seal.

1    In addition, the Application and Warrant also rebut the incorrect narrative defendant has put forth in its Motions, and is anticipated to put forth at trial, which is that the operation at the Warrant Location was an "immigration raid." (See, e.g., Dkt. No. 55 (Defendant's Motion to Dismiss), p. 2 ["Federal Agents… "Conduct [an] Immigration Raid."].)

Third, there is no unfair prejudice associated with admission of the Application and Warrant, let alone unfair prejudice that substantially outweighs the probative value of the Application and Warrant. Fed. R. Evid. 403.  It is not "unfair" for the jury to hear the reason federal agents were at the Warrant Location, the federal crimes they were investigating, and their objectives at the Warrant Location.

### C. The Application and Warrant Are Not Hearsay

The Application and Warrant are also not hearsay because the documents are not being offered for the truth of the matter asserted. Fed. R. Evid. 801(c).  Instead, the documents are offered for two separate purposes other than the truth.

First, the Application and Warrant are being offered for their independent legal significance.  Statements that possess independent legal significance are not offered for their truth and consequently are not hearsay.  Jude v. Health Mgmt. Assocs. of W. Virginia, Inc., 187 F.3d 629 (4th Cir. 1999) (citing Wigmore On Evidence § 1770); see also, United States v. Rubier, 651 F.2d 628, 630 (9th Cir.1981) ("[F]acts of independent legal significance constituting a contract which is at issue are not hearsay.").
Here, the Application and Warrant have independent legal significance in the same way a contract would have independent legal significance in a contractual dispute since one of the elements the government will have to prove at trial is that the federal agents were executing a valid warrant signed by a Magistrate Judge.

Second, the Application and Warrant are also being offered to explain the state of mind and actions of the federal agents conducting the operation at the Warrant Location. As state above, the Application and Warrant are being offered to show why the agents were at the Warrant Location, what they were trying to accomplish, and the evidence

3

they were seeking to obtain. See, United States v. Rogers, 321 F.3d 1226, 1229 (9th Cir. 2003) (affidavit in support of criminal complaint not hearsay because it is offered to show state of mind.)

Finally, to the extent there is any concern that the jury may consider certain statements in the Application or Warrant for the truth, the Court can absolve those concerns with a limiting instruction. Id. at 1230 (jury is presumed to have followed limiting instructions on hearsay).

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court grant its motion in limine and admit the Application for a Warrant and the Warrant filed under case no. 2:25-mj-03427.

# MR. HUERTA'S OPPOSITION TO ADMITTING THE APPLICATION IN SUPPORT OF THE SEARCH WARRANT

The government seeks to admit "[t]he Application and Warrant" (Mot. at 1) for the Ambiance search. The Application, as opposed to the Warrant, does not bear upon the charged offense or relevant conduct here, is not relevant, and contains material that is especially prejudicial to Mr. Huerta. As a threshold matter, Mr. Huerta *does not* oppose the admissibility (and authenticity) of the Warrant itself, filed in Case No. 2:25-mj-03427, and signed by Magistrate Judge Margo Rocconi on June 5, 2025. That Warrant, and its service and execution, are relevant to the lone offense the government charges Mr. Huerta with in this case.[2]

At issue is the admissibility of the Application for that warrant, including the agent's sworn affidavit contained therein. But the Application is not needed to prove these facts as the Warrant already does so. Warrant at 1 (HUERTA_00000358) (states Warrant By Telephone issued June 5, 2025 at 1:49 p.m. by Hon. Margo A. Rocconi upon "[a]n application by a federal law enforcement officer or an attorney for the government request[ing] the search of the following person or property" described in Attachment A-3 (*id.* at 3, HUERTA_00000360) and upon the judge "find[ing] that the affidavit . . . establish[es] probable cause to search" the premises and seize the "property described" in Attachment B (*id.* at 5–12, HUERTA_00000362–0369). The full Application in support of the search warrant is irrelevant to the charged offense and Mr. Huerta's alleged conduct on June 6, and under Fed. R. Evid. 403's balancing test, the Application's contents are more prejudicial than probative. Accordingly, the Application itself (produced as HUERTA_0000660 – HUERTA_0000696) should be precluded in its entirety.

---

[2] Defense counsel indicated its position—that Mr. Huerta does not oppose the admissibility of the Warrant but does oppose admissibility of the June 5 Application in support thereof—to the government during the parties' conference on January 5, 2026.

5

**I.     The Ambiance Warrant's Application Is Not Relevant To The Charged Offense In This Case and Is More Prejudicial Than Probative Here.**

The Application the government seeks to admit concerns an entirely unrelated case, concerning seven offenses, none of which Mr. Huerta is charged with or alleged to have known about, related to harboring and unlawful employment of aliens, and fraudulent documents or false statements in support of that conduct. The offenses and activity described in the Application and probable cause affidavit contained therein *do not bear* on Mr. Huerta's conduct on June 6. Nor is Mr. Huerta challenging the lawfulness *or* the probable cause finding of the Application. *See United States v. Crews*, 502 F.3d 1130, 1136–37 (9th Cir. 2007) (for probable cause, an application's affidavit "must establish a reasonable nexus between the crime or evidence and the location to be searched.") (citations omitted). Simply put, the details and findings laid out in the Application are irrelevant and have no nexus to the misdemeanor crime charged in this case

Additionally, here, law enforcement agents on June 6 never advised Mr. Huerta of the fact that they had a Warrant for such offenses, the nature of that Warrant, or the basis for it—so it cannot be relevant to his conduct outside the gates of Ambiance. The government argues in a conclusory fashion that the two documents are "offered to explain the purpose and goals of the federal agents during the operation at the Warrant Location." Mot. at 1. The "purpose and goals" of the agents are addressed completely in the warrant itself. Nothing else is needed. As noted above, Mr. Huerta does not contest the issued Warrant's relevance to the offense charged here; however, the precise nature of the underlying probable cause basis supporting its issuance *is not* an element of Section 1501.[3]

---

[3] The government's "first" claim that "the Application and Warrant establish an element of the offense" and that, to convict, it must prove at trial that "a valid 'legal or judicial writ or process'" was being served and executed (Mot. at 2, citing *United States v. Marcyes* and *Sparks v. United States*) is satisfied by admission of the Warrant alone (*see* page 1)—that the Warrant was lawfully sought and granted by a United States Magistrate Judge, after finding there was probable cause to support the warrant. In doing so, Mr. Huerta is agreeing that he *will not* challenge the validity of Warrant, that it was supported by a probable cause finding, or argue in some other way that the Warrant was illegal.

Nor are the federal crimes that law enforcement "were investigating" at Ambiance Apparel, or the agents' "objectives . . . during their operation" on June 6 (Mot. at 2), relevant to any element of proving a Section 1501 violation. The lone issue is whether it was a lawfully issued warrant being served and executed, and whether Mr. Huerta knowingly and willfully resisted, opposed, and obstructed the Warrant's service and execution. The Warrant's execution is what controls in this charge, not the Application. *See, e.g.*, *United States v. Sedaghaty*, 728 F.3d 885, 913 (9th Cir. 2013) ("the language of the warrant controls"); *United States v. Kaye*, 432 F.2d 647, 649 (D.C. Cir. 1970) ("It is the description in the search warrant, not the language of the affidavit, which determines the place to be searched).

As to the government's "third" claim that there is no unfair prejudice "associated with admission of the Application" (Mot. at 3), the argument fails on its face under Rule 403's balancing test. Search warrant affidavits present unique risks of unfair prejudice because they contain investigative allegations presented in an *ex parte* context to establish probable cause, not proof beyond a reasonable doubt, *and* may inappropriately influence a jury which conflates probable cause standards with criminal conviction standards. *See Franks v. Delaware*, 438 U.S. 154, 169 (1978) (the proceeding for issuing a search warrant "is necessarily ex *parte*"); *United States v. U.S. Dist. Ct. for E. Dist. of Mich., S. Div.*, 407 U.S. 297, 321 (1972) ("a warrant application involves no public or adversary proceedings: it is an ex parte request"). Offering into evidence or describing the activities laid out in the Application's affidavit, including the criminal offenses and alleged unlawful activities engaged in by personnel at Ambiance related to harboring aliens, false documentation, and unlawful employment of aliens, as the affidavit sets forth, is more prejudicial than probative under Federal Rule of Evidence 403's balancing test. Those *ex parte* allegations do not tend to make any fact more or less likely in proving a violation of Section 1501 and cannot survive Rule 403's barrier excluding unfairly prejudicial evidence. *United States v. Bland*, 908 F.2d 471, 473 (9th Cir. 1990) (under FRE 403, the court must exclude any evidence having a prejudicial effect that substantially exceeds its probative value). Here,

7

the affidavit extending over 36 pages includes reference to evidence developed in an HSI investigation to show that Ambiance was allegedly committing crimes, and running a clothing factory employing persons not authorized to work and using false names and false identification documents to work unlawfully. These allegations are, in our current social and political environment, highly divisive and polarizing and if offered into evidence risk confusing the issues and misleading the jury about the facts and standards of proof at trial. Fed. R. Evid. 403. The issues in the case are not what was the alleged conduct of Ambiance or those working there; it is the alleged conduct of Mr. Huerta *after* the warrant was issued.

Lastly, the government contends that the Application is not hearsay because the document is not being offered for the truth of the matter asserted, Mot. at 3 (citing Fed. R. Evid. 801(c)), but instead to show the "independent legal significance" of the document. *Id.* As a matter of course, affidavits contained in search warrant applications often contain hearsay statements that are permissible for warrant applications but inadmissible as trial evidence under Federal Rule of Evidence 802, absent a specific exception. *United States v. Ventresca*, 380 U.S. 102 (1965). Notwithstanding, the government's argument here presupposes the relevance of the proffered Application's affidavit. For the reasons explained above, the affidavit is not relevant to the Section 1501 offense Mr. Huerta has been charged with here. The Warrant's legal relevance, which we do not contest, is to show that the agents had judicial authorization to go looking for evidence described in that Warrant—whatever came before that (i.e., the probable cause basis and Application) is not relevant to proving the government's case.

The government also contends that the Application is somehow relevant or offered to explain the agents' "state of mind and actions" in conducting the operation at Ambiance on June 6. Mot. at 3. But the *agents'* state of mind with respect to executing and serving the warrant itself is not at issue in this case; it is only *Mr. Huerta's* state of mind that matters in this case. An agent's state of mind about what he or she perceived Mr. Huerta was doing at certain points that day may or may not be relevant at trial, but that is separate from an agent's state of mind about "conducting the operation" itself. The mere simple

fact that a magistrate judge issued the valid warrant for that specific location establishes for the jury that it was a lawful warrant being executed that day—and any agent's state of mind that day has *nothing* to do with what one particular agent put in their affidavit to obtain the warrant the day before on June 5.

## II. The Application to the Warrant, Which Includes the Affidavit, Should Be Excluded Because It Is Not Used to Establish Guilt or Proof Of The Charged Crime At Trial.

The Application's primary purpose, bolstered by an agent's affidavit, is to support a judicial finding of probable cause required under the Fourth Amendment for the warrant itself to search Ambiance (not even any premise or property of Mr. Huerta), which requires an *even lower* evidentiary standard than proving guilt beyond a reasonable doubt at trial. An application and its supporting affidavit are *not* used to establish guilt at trial or proof of the charged crime, even were this case now about Ambiance or those charged with any offenses from its business (and it is not). *United States v. Ventresca*, 380 U.S. 102 (1965) ("there is a large difference between the two things to be proved (guilt and probable cause), as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them."). This Circuit has found that search warrant affidavits should generally be excluded from trial as substantive evidence to establish charged crimes. *United States v. Sedaghaty*, 728 F.3d 885 (9th Cir. 2013) ("description in search warrant, *not language of affidavit in support of application for search warrant*, determined items to be seized" and that a "broad-ranging probable cause affidavit could not expand scope of legitimate search warrant."). As such, the proffered Application that the government seeks to admit should be treated no differently here and it ought be precluded, separate from the Warrant itself for the reasons explained above.

## III. Conclusion

For the foregoing reasons, the Court should deny the government's motion to admit the Application in support of the Warrant in this case. Mr. Huerta does not contest or oppose admission of the Ambiance Warrant itself signed by Magistrate Judge Rocconi.

1  Dated: January 13, 2026               Respectfully submitted,

2                                        By: */s/ Marilyn E. Bednarski*
                                         Marilyn E. Bednarski
3                                        **MCLANE, BEDNARSKI & LITT, LLP**
                                         975 East Green Street
4                                        Pasadena, California 91106
                                         mbednarski@mbllegal.com
5                                        Telephone: (626) 844-7660
                                         Facsimile: (626) 844-7670
6

7

8                                        By: */s/ Abbe David Lowell*
                                         Abbe David Lowell (*pro hac vice*)
9                                        David A. Kolansky (*pro hac vice*)
10                                       **LOWELL AND ASSOCIATES, PLLC**
                                         1250 H Street NW, Suite 250
11                                       Washington, DC 20005
                                         alowellpublicoutreach@lowellandassociates.com
12                                       dkolansky@lowellandassociates.com
                                         Telephone: (202) 964-6110
13

14                                       *Attorneys for Defendant David Huerta*

10

# GOVERNMENT'S REPLY

Defendant has limited its Opposition to the admission of the Application in support of the Warrant. Defendant argues that the Application is not admissible because it is not relevant and it is unfairly prejudicial. Both of those arguments are without merit.

## I. The Application is Relevant

Defendant first argues that "the Application the government seeks to admit concerns an entirely unrelated case" and "do not bear on Mr. Huerta's conduct on June 6." However, that is incorrect, particularly in light of the low bar for relevant evidence. Sandoval v. County of San Diego, 985 F.3d 657, 666 (9th Cir. 2021).

Here, defendant is being charged with obstructing the search warrant used to investigate crimes in the Ambiance case and one of the critical issues at trial will be how the government was obstructed from collecting evidence relevant to those crimes. As defendant's own case citation supports, an affidavit to a search warrant may be "understood to describe evidence 'relevant' to the violations" in the search warrant. United States v. Sedaghaty, 728 F.3d 885, 913 (9th Cir. 2013). In Sedaghaty, the Ninth Circuit explained that an affidavit can be helpful in determining what evidence is relevant to the search warrant, but ultimately found that an affidavit cannot expand the scope of a search warrant because "relevance, of course, is not the standard; the language of the warrant controls." On this Motion, however, relevance is the standard at issue. As a result, Sedaghaty supports the government's contention that the affidavit in application will be helpful to a jury in determining how the evidence agents were obstructed from collecting relates to crimes the warrant sought to investigate.

Defendant also concedes that the "purpose and goals" of the agents executing the search warrant is relevant to the issue of obstruction but argue "nothing else is needed" beyond the warrant itself to prove what the agents were trying to accomplish. However, the government has the burden of proof and persuasion at trial, and as a result, the defendant is not entitled to dictate what is and is not necessary to meet those burdens.

11

Old Chief v. United States, 519 U.S. 172, 189, 117 S. Ct. 644, 654, 136 L. Ed. 2d 574 (1997) ("[T]he prosecution with its burden of proof may prudently demur at a defense request to interrupt the flow of evidence telling the story in the usual way.")

Applied to this case, the jury should not be limited to considering merely what type of evidence the agents sought to obtain with the warrant, but also how important the evidence was to the investigation, something that does not appear on the warrant itself. For example, one of the issues at trial will be how a special agent attempted to enter the Warrant Location to box up relevant documents, including relevant employee documents and I-9 forms found at the Warrant Location, but was blocked by defendant and other demonstrators from doing so. While the Warrant generically states the agents were entitled to collect employee documents, it is the Application that makes clear just how important those documents were to the investigation. Without the Application, the jury may be left with the impression that the obstruction of the special agent was minimal to the execution of the search and hold that gap in evidence against the government. Old Chief, 519 U.S. 172 at 188 ("[T]here lies the need for evidence in all its particularity to satisfy the jurors' expectations about what proper proof should be.").

For similar reasons, although defendant argues that he is not contesting the legality of the search warrant, the government should nonetheless be entitled to prove to the jury that the warrant was based on probable cause supported by relevant facts. Id. (highlighting "prosecution's interest in resisting efforts to replace the evidence of its choice with admissions and stipulations"). This is particularly important given defendant's assertion that he intends to question "[h]ow [the agents] were keeping us safe," and his contention that "[the agents] clothes were probably made [at the Warrant Location]" at trial. (See Joint Motion In Limine #3 at 4.) In light of that, the government should be able to admit the Application to explain to the jury that the agents were lawfully at the Warrant Location because there was probable cause that the business was employing unlawful aliens using stolen social security numbers and fraudulent employment documents.

## II. There Is No Unfair Prejudice to The Defendant

The admission of Application will not unfairly prejudice the defendant. Defendant argues there is unfair prejudice because the Application "contains investigative allegations presented in an *ex parte* context to establish probable cause, not proof beyond a reasonable doubt, and may inappropriately influence a jury which conflates probable cause standards with criminal conviction standards." However, this argument does not show why there would be unfair prejudice <u>to the defendant</u>, since the defendant is not being charged with the crimes investigated in the search warrant.

Next defendant argues that there is unfair prejudice to the admission of the Application because the "allegations are, in our current social and political environment, highly divisive and polarizing." However, again, defendant does not explain how this would prejudice the defendant, given defendant was not named in the search warrant or being charged with the crimes being investigated in the search warrant.

There is nothing unfairly prejudicial to the defendant about the jury learning about why the agents were executing a search warrant or the crimes the agents were investigating when executing the search warrant. There is nothing unfair about providing the jury the context on the seriousness of the investigation that the defendant obstructed. Moreover, this case will be polarizing regardless of the admission of the Application, particularly since the defendant seeks to question on the stand ""[h]ow [the agents] were keeping us safe." (<u>See</u> Joint Motion In Limine #3 at 4.) As a result, there is no prejudice to the defendant, let alone prejudice that substantially outweighs to probative value of admission the Application.

13

# DECLARATION OF NEIL P. THAKOR

I, Neil P. Thakor, declare as follows:

I am an Assistant United States Attorney for the Central District of California and the attorney assigned to represent the United States in United States v. David Jose Huerta, Case No. 2:25-cr-00841-SB. I make this declaration in support of the government's Motion in Limine No. 1 to admit the Application for a Warrant (the "Application") and Warrant to search the premises located at 2415 East 15th Street, Los Angeles, California 90021, and to seize evidence of federal offenses (the "Warrant"), filed in magistrate case number 2:25-mj-03427 in the Central District of California.

1. On December 31, 2025, the government emailed defense counsel the evidence to be excluded as part of this Motion in Limine, along with the specific terms of the order sought and the rationale and supporting authority.

2. On January 5, 2026, defense and government counsel met and conferred via Teams regarding this Motion in Limine. Defense counsel indicated that they wanted to review the contents of the Motion in Limine and the language suggested to the Court before deciding on their position.

3. On January 6, 2026, the government emailed defense counsel Motion in Limine No. 3 for their review.

4. On January 13, 2026, defense counsel emailed the government back with their opposition to Motion in Limine No. 1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on January 28, 2026.

/s/ *Neil P. Thakor*
Neil P. Thakor

14