TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
NEIL P. THAKOR (Cal. Bar No. 308743)
CHRIS S. BULUT (Cal. Bar No. 352016)
Assistant United States Attorneys
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6772 / 6738
    Facsimile: (213) 894-0141
    E-mail: neil.thakor@usdoj.gov
              chris.bulut@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00841-SB |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| DAVID JOSE HUERTA, | |
| Defendant. | **CURRENT TRIAL DATE:** 2/17/26<br>**PROPOSED TRIAL DATE:** 9/1/26<br><br>**LAST STA DATE:** 3/28/26<br>**NEW LAST STA DATE:** 11/1/2026 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys NEIL P. THAKOR and CHRIS S. BULUT, and defendant DAVID JOSE HUERTA ("defendant"), both individually and by and through his counsel of record, Marilyn E. Bednarski and Abbe D. Lowell, hereby stipulate as follows:

1. The Information in this case was filed on October 17, 2025. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on June 9, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before February 2, 2026.

2. On November 25, 2025, the Court set a trial date of January 20, 2025, which was later continued to February 17, 2026. A final pretrial conference was also set for February 3, 2026.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately 3-5 days.

4. On January 6, 2026, defendant filed his motion to dismiss for constitutional violations (Dkt. 55) and motion to dismiss for failure to state an offense (Dkt. 56), and a motion to compel certain discovery (Dkt. 58) which was heard on February 20, 2026. The court took the motions under submission and has not yet issued a ruling.

5. At the hearing on the motions to dismiss, the Court ordered the parties to propose trial dates in August or September of 2026. On February 23, 2026, the parties filed a Joint Status Report (Dkt. 93) proposing September 1, 2026 (among other dates) as a potential trial date. On February 25, 2026, the Court ordered the parties to file a stipulation continuing the trial date to September 1, 2026 (Dkt. 94).

6. At that February 20, 2026, hearing attorney Lowell advised the court that he had a trip involving several family members planned in August, 2026. Attorney Lowell advises that such plan was to commence the trip August 1 and return August 21, 2026. The parties jointly request that this Court set the pretrial conference on August 21, 2026 rather than on August 18, 2026 (this Court's standard two week date) to permit attorney Lowell to remain on vacation a few more days and attend a pretrial conference on August 21, 2026.

7. Accordingly, by this stipulation, the parties move to continue the trial date to September 1, 2026, and set a final pretrial conference for August 21, 2026.

8. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with a violation of 18 U.S.C. § 1501: Obstruction, Resistance, or Opposition of a Federal Officer. The government has thus far made ten productions of discovery to the defense, including productions of hundreds of pages of law enforcement reports, photos and videos of incident, warrants, text messages, and documents related to defendant's criminal history. The government anticipates making additional discovery productions.

    b. Defendant contends that the recent discovery productions of the government raise issues that warrant additional investigation and the need for additional pretrial filings. Moreover, defendant anticipates making additional discovery requests based on and in response to the recent productions of evidence by the government that raise new trial issues.

    c. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

    e. The government does not object to the continuance.

    f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or

the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

9.     For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of February 17, 2026 to September 1, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

//

//

//

10. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: February 25, 2026                Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

            /s/
NEIL P. THAKOR
CHRIS S. BULUT
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**CERTIFICATION OF DEFENSE COUNSEL**

I am DAVID HUERTA's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than September 1, 2026, is an informed and voluntary one.

_____          2/27/2026
MARILYN E. BEDNARSKI                         Date
Attorney for Defendant
DAVID HUERTA


**CERTIFICATION OF DEFENDANT**

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than September 1, 2026. I understand that I will be ordered to appear in Courtroom 6c of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on September 1, 2026, at 8:30 a.m.

_____          2/27/26 (MEB)
DAVID HUERTA                                 Date
Defendant

6