UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>DAVID JOSE HUERTA,<br><br>           Defendant. | Case No. 2:25-cr-00841-SB<br><br><br>ORDER DENYING MOTIONS TO<br>DISMISS WITHOUT PREJUDICE<br>[DKT. NOS. 55, 56] |

Defendant David Huerta, president of the Service Employees International Union of California, is charged with violating 18 U.S.C. § 1501, a misdemeanor, for knowingly and willfully obstructing, resisting, and opposing federal agents or other authorized individuals in serving or executing a search warrant. Dkt. No. 29. This charge arises from his conduct at a protest outside a warehouse during an immigration enforcement action. Defendant moves to dismiss the information for failing to state an offense (Dkt. No. 56) and on the grounds that § 1501 is unconstitutionally overbroad on its face and vague as applied to his First Amendment activity and that his arrest violated his constitutional rights (Dkt. No. 55). The government filed an omnibus opposition, and Defendant filed an omnibus reply. Dkt. Nos. 61, 71. The motions are denied without prejudice.

I.

As part of an immigration investigation, federal agents obtained a warrant to search an apparel warehouse.[1] Dkt. No. 55-2 at 6 of 13 (warrant application); Dkt. No. 55-3 at 3 (agent report describing Title 8 enforcement). On June 6, 2025, at 9:20 a.m., more than 50 federal agents from various agencies arrived at the warehouse to execute the warrant. Dkt. No. 55-3 at 2–3, 5. While conducting the

---

[1] Because the Court does not rely on facts genuinely disputed by the parties, Defendant's request for an evidentiary hearing is denied.

1

search, agents arrested and detained multiple noncitizens for immigration offenses. *Id.* at 6.

At 11:10 a.m., approximately 20 people arrived at the warehouse to protest. *Id.* The protesters, including Defendant, gathered outside the closed gate, picketed, and yelled at agents standing on the other side of the warehouse gate. *Id.* at 7–9; Dkt. No. 55, Ex. J. One of the agents present, Special Agent (SA) Ryan Ribner, believed that Defendant and others would likely attempt to impede law enforcement vehicles attempting to pass through the gate. Dkt. No. 55-3 at 10.

Around noon, SA Ribner learned that a government van would be arriving to transport detainees held inside the warehouse and allegedly told Huerta not to block the vehicle. *Id.* The van arrived at 12:15 p.m. and pulled forward to pass through the gate where the protesters were gathered. Dkt. No. 55, Ex. K. Defendant stood near the front left bumper of the van facing the agents with his hands on his hips. *Id.* An ICE deportation officer, Carey Crook, approached him, placed his hands on Defendant's shoulders, and pushed him away from the van. *Id.* SA Ribner pinned Defendant to the ground with a knee on his back, rubbed pepper spray into his eyes, and handcuffed him by pulling his hands behind his back over his protests that he had "a bad shoulder." *Id.*; *see also* Dkt. No. 55, Exs. O, M.

Defendant was charged with felony conspiracy to impede an officer. Dkt. No. 1. The government later dismissed that charge and filed an information charging him with a misdemeanor violation of 18 U.S.C. § 1501. Dkt. Nos. 27, 29.

II.

Defendant challenges the sufficiency of the information under Rule 12(b)(3). Fed. R. Crim. P. 12(b)(3)(B)(v) (permitting defendant to challenge the information for "failure to state an offense"). The information provides in full:

> On or about June 6, 2025, in Los Angeles County, within the Central District of California, defendant DAVID JOSE HUERTA ("HUERTA"), and others known and unknown, each aiding and abetting the other, did knowingly and willfully, obstruct, resist, and oppose an officer of the United States, and any such other person duly authorized, in serving and attempting to serve and execute any legal and judicial writ and process of any court of the United States and United States Magistrate Judge, namely, a search warrant for the premises at 2415 East 15th Street, Los Angeles, California 90021,

2

issued in Central District of California, Case No. 2:25-mj-03427, by a
United States Magistrate Judge.

Dkt. No. 29.

The government contends that the information encompasses Defendant's
entire "course of conduct" during the period from his arrival at the warehouse to
his arrest, including:

> Mr. Huerta (a) blocking the entrance to the Search Warrant location;
> (b) encouraging other individuals, both verbally and nonverbally, to
> sit down on the ground and similarly block the entrance;
> (c) encouraging individuals to form a circle blocking the entrance to
> the Search warrant location; (d) encouraging others to "stop the
> vehicles" attempting to enter the Search Warrant location; and
> (e) blocking the pathway of a law enforcement vehicle attempting to
> enter the Search Warrant location.

Dkt. No. 56-8 at 2.  At the hearing, the government identified additional conduct
that it intends to pursue at trial that was not known at the time of the information—
namely, that Defendant obstructed SA Seth Tuggs.  Dkt. No. 99 at 22:25–23:2
("[A]fter we filed the opposition to the motion to dismiss, we learned that another
agent, . . . Special Agent Tuggs, was also obstructed by Defendant.").

In his Rule 12(b)(3) motion, Defendant contends that the information fails to
provide sufficient specificity.  Dkt. No. 56 at 1–2; *see also id.* at 10–11.  An
information must contain "the essential facts necessary to apprise a defendant of
the crime charged."  *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982).
Although "an indictment parroting the language of a federal criminal statute is
often sufficient," the Supreme Court has recognized that "there are crimes that
must be charged with greater specificity."  *United States v. Resendiz-Ponce*, 549
U.S. 102, 109 (2007); *see United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994)
(noting indictment may use the language of the statute so long as there is not
"ambiguity" as to the offense).

Here, the information largely parrots the language of § 1501, other than
specifying that the violation involved the execution of a search warrant on a
particular date and at a particular location.  Given the constitutional interests
implicated in this case and the government's evolving theories, the Court has
concerns about whether the information provides sufficient notice and adequate
safeguards against intrusion on Defendant's First Amendment rights.  *Cf. Hamling*

3

*v. United States*, 418 U.S. 87, 117–18 (1974) (finding indictment under obscenity statute adequate because the definition of "obscenity" was "sufficiently definite in legal meaning to give a defendant notice of the charge against him").  At the hearing, the government stated that it could provide greater specificity in an amended information or a bill of particulars to address those concerns.  Dkt. No. 99 at 25:6–9 ("So to the extent that the Court is concerned that the information is insufficient, there are other remedies short of dismissal that could solve those concerns, including a bill of particulars and an amendment.").

The Court therefore orders the government to file an amended information no later than May 18, 2026.  The government confirmed at the hearing that its prosecution is focused on the physical conduct of obstructing the execution of the search warrant and aiding and abetting the physical conduct of obstructing the execution of the search warrant.  Dkt. No. 99 at 53:5–7.  The amended information should more specifically identify (1) Defendant's conduct that allegedly obstructed, or aided and abetted the obstruction of, the execution of the search warrant[2] and (2) the United States officer(s) or other authorized person(s) whom Defendant is charged with obstructing.  *See* Fed. R. Crim. P. 7(e) (permitting amended information "at any time before the verdict" unless "an additional or different offense is charged or a substantial right of the defendant is prejudiced"); *cf. United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) ("The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion.").[3]

III.

In light of the Court's ruling requiring additional particularity, Defendant's motions to dismiss (Dkt. Nos. 55, 56) are denied without prejudice.  Requiring the government to clarify the factual basis of the charge will provide adequate notice and sharpen the issues in the event of a renewed challenge to the pleading.

Date: May 6, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[2] The amended information should specify which of § 1501's prohibitions—resisting, obstructing, or opposing—it charges Defendant with violating.

[3] At the hearing, the government expressed no preference between filing an amended information or a bill of particulars.  Dkt. No. 99 at 25:16–18.